UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

KRISTOPHER R. KENNY,

    Plaintiff,

v.                                          CASE NO.:

RANDSTAD NORTH AMERICA, INC., a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTOPHER R. KENNY ("Mr. Kenny" or "Plaintiff") files this Complaint against Defendant, RANDSTAD NORTH AMERICA, INC., ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, his attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Palm Beach County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Palm Beach County, Florida.

6. Defendant is a Foreign Profit Corporation that provides services in, among others, Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) necessitated medical leave for his serious health condition; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Mr. Kenny worked as a Staffing Manager for Defendant from November 21, 2016, through November 28, 2020.

10. In all respects, Mr. Kenny was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

11. Mr. Kenny suffers from chronic and life long cervical herniations with myelothapy, which is a serious health condition as defined by the FMLA.

12. On December 18, 2019, Plaintiff notified Defendant of his need for FMLA leave, and subsequently applied for same.

13. On December 24, 2019, Defendant approved Plaintiff for intermittent FMLA leave through June 17, 2020.

14. Upon Plaintiff being approved for FMLA intermittent leave, Defendant's management began retaliating against, and isolating Plaintiff in the performance of his work duties.

15. On February 6, 2020, Defendant terminated Plaintiff's employment.

16. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity, and the illegal actions taken against him by Defendant.

17. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of what should have been approved FMLA protected leave.

18. Defendant did not have a legitimate reason for Plaintiff's termination.

19. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

20. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

21. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above.

23. At all times relevant hereto, Plaintiff was protected by the FMLA.

24. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

25. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

26. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

31. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of what should have been FMLA protected leave and for his request for FMLA leave

32. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

33. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 6th day of March 2020.

Respectfully Submitted,

By:*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*